UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KATHELINE PIERRE,

                          Plaintiff,

v.

JANE DOE(S) ELIZABETH SUTTER, Risk Control
Manager, Fidelity Investments, Fidelity Signature
Bank; JANE DOE(S) TIFFANY MCNEILL and
NICOLA, Customer Service Reps, TD Bank, N.A.;
JANE DOE(S), Citibank CBNA New York; DIANA
SUERO, Ridgewood Savings Bank; JP MORGAN
CHASE, Back Office Customer Service; JELISSA
MERCADO, Bank of America; CRYSTAL, Charles
Schwab, Customer Verification and Research Center;
LIFE-LOCK; LIZ, 212 Linden Ventures; NYS TAX
DEPT, Harriman Campus; JANISSIA ORGILL, BDS;
and BACK OFFICE CUSTOMER SERVICE,
CREDIT UNIONS, FINANCIAL INSTITUTIONS &
BANKS, Agents Hereby Appealed City & State of
New York,

                          Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-1521 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Katheline Pierre ("Plaintiff"), proceeding *pro se*, initially brought this civil action against

numerous financial institutions on March 13, 2019. By Memorandum and Order dated April 5,

2019, the Court dismissed the complaint but gave Plaintiff leave to amend her complaint within

30 days in order to assert a possible claim under the Fair Credit Reporting Act ("FCRA").

Plaintiff filed her amended complaint on May 5, 2019. The amended complaint does not fix the

problems in the original complaint. Accordingly, the action is dismissed.

The original complaint alleged that Plaintiff was the victim of identity theft and other

financial crimes; that multiple financial institutions closed her accounts, refused to open new

accounts, and stole her property; and that she was temporarily denied free healthcare and Public Assistance benefits.

The Court dismissed the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure because Plaintiff did not provide a basis for this Court's jurisdiction or claim that any of the named defendants did anything that caused her any harm. In light of the Court's duty to liberally construe the pleadings of an unrepresented litigant, Plaintiff was given an opportunity to file an amended complaint in order to describe any possible claims under the FCRA, 15 U.S.C. § 1681, *et seq*.

Plaintiff's May 5, 2019 submission is 321 pages long. It renews Plaintiff's claims about identify theft, frozen bank accounts, and the refusal of financial institutions to open new accounts for her.[1] It cites various banking laws and sections of the United States Criminal Code related to crimes against federal officers or institutions. Plaintiff does not allege any private cause of action under any of these provisions. The lengthy exhibits include credit reports, bank and brokerage statements, and communications with various financial institutions. Several of the messages from financial institutions indicate that they were unable to open accounts for her because her credit reports had been frozen at her request. The Amended Complaint does not allege that any of the named defendants violated the FCRA. Although several of Plaintiff's exhibits mention her credit reports and the duties of furnishers of information under the FCRA, she does not allege that her credit report was used unlawfully or contains inaccurate information. Accordingly, Plaintiff's claim under the FCRA is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] She also renews her claim that "Plaintiff went months without access to free healthcare under Medicaid, [and] had little to no cash allowances for temporary health conditions cause[d] by ongoing assault and battery." Am. Compl. at 18. These claims were addressed in Plaintiff's parallel case, *Pierre v. Does, et al.* 19-CV-1030-WFK.

## CONCLUSION

The Court has carefully reviewed the Amended Complaint and exhibits. The Amended Complaint does not fix the problems with the original complaint and fails to state a claim on which relief may be granted. Accordingly, the action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment; send a copy of this Memorandum and Order, the judgment, and an appeal packet to plaintiff; note service on the docket; and close this case.

**SO ORDERED**.

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
May 10, 2019